Citation Nr: 1504674 
Decision Date: 01/30/15 Archive Date: 02/09/15

DOCKET NO. 13-34 172A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in San Juan, the Commonwealth of Puerto Rico


THE ISSUES

1. Entitlement to an initial rating in excess of 10 percent for tinnitus.

2. Entitlement to an initial compensable rating for bilateral hearing loss. 



ATTORNEY FOR THE BOARD

Dan Brook, Counsel







INTRODUCTION

The Veteran had active service from December 1955 to November 1957.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a January 2012 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in San Juan, Puerto Rico, which granted service connection and assigned a 10 percent rating for tinnitus and a noncompensable (0 percent) rating for bilateral hearing loss. Both awards are effective from June 1, 2011.

In October 2014, the case was remanded for further development. 

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). 38 U.S.C.A. § 7107(a)(2) (West 2014).


FINDINGS OF FACT

1. There is no legal basis to assign a schedular rating in excess of 10 percent for tinnitus.

2. The Veteran is shown to have no worse than Level II hearing impairment in the right ear and Level I hearing impairment in the left ear. 


CONCLUSIONS OF LAW

1. The criteria are not met to establish an initial rating in excess of 10 percent for tinnitus. 38 U.S.C.A. § 1155 (West 2014); 38 C.F.R. § 4.87, Diagnostic Code 6260 (2014).

2. The criteria are not met to establish an initial compensable rating for bilateral hearing loss. 38 U.S.C.A. §§ 1155, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.321, 4.3, 4.7, 4.85, Diagnostic Code 6100 (2014).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

I. Duties to Notify and Assist

The Veterans Claims Assistance Act of 2000 (VCAA) describes VA's duty to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126; 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a).

Upon receipt of a complete or substantially complete application for benefits, VA is required to notify the claimant and his or her representative, if any, of any information, and any medical or lay evidence, that is necessary to substantiate the claim. 38 U.S.C.A. § 5103(a); 38 C.F.R. § 3.159(b) (2008); Quartuccio v. Principi, 16 Vet. App. 183 (2002). Proper VCAA notice must inform the claimant of any information and evidence not of record (1) that is necessary to substantiate the claim; (2) that VA will seek to provide; and (3) that the claimant is expected to provide. VCAA notice should be provided to a claimant before the initial unfavorable agency of original jurisdiction (AOJ) decision on a claim. Pelegrini v. Principi, 18 Vet. App. 112 (2004).

The Veteran's claims for increase stem from an initial grant of service connection by the RO. In Dingess/Hartman v. Nicholson, 19 Vet. App. 473 (2006) the Court of Appeals for Veterans Claims (Court) held that in cases where service connection has been granted and an initial disability rating and effective date have been assigned, the typical service-connection claim has been more than substantiated, it has been proven, thereby rendering section 5103(a) notice no longer required because the purpose that the notice is intended to serve has been fulfilled. Dingess, 19 Vet. App. 473, 490-91. In the instant case the Veteran was provided appropriate VCAA notice in regard to the initial claims for service connection for hearing loss and tinnitus. Thus, because the notice that was provided before service connection was granted for hearing loss and tinnitus was legally sufficient, VA's duty to notify in regard to the instant claim for increase was already satisfied. 

The record also reflects that VA has made reasonable efforts to obtain or to assist in obtaining all relevant records pertinent to the claims. Pertinent medical evidence associated with the claims file consists of VA treatment records, private medical records, and the reports of VA examinations. Also of record and considered in connection with the appeal are various written statements provided by the Veteran. The Board notes that pursuant to the October 2014 remand, the AMC appropriately sent the Veteran a listing of recognized veterans' service organizations, obtained updated VA treatment records and afforded the Veteran with a current VA audiological examination on November 25, 2014. In a January 8, 2015 letter, the Veteran noted that he had received this evaluation. He also indicated that his tinnitus was still present and his "hearing faculties (were) getting worse." Although this letter suggests a potential worsening of the Veteran's hearing loss, because it was sent only a little more than a month after November 25, 2014 audiological evaluation, the Board finds that this evaluation was sufficiently contemporaneous for rating purposes. No further action is required prior to appellate consideration of the claims.


II. Analysis

Disability ratings are based on average impairment in earning capacity resulting from a particular disability, and are determined by comparing symptoms shown with criteria in VA's Schedule for Rating Disabilities (Rating Schedule). 38 U.S.C.A. § 1155; 38 C.F.R. Part 4. Separate diagnostic codes identify the various disabilities.

The Board will consider whether separate ratings may be assigned for separate periods of time based on facts found, a practice known as "staged ratings," whether it is an initial rating case or not. Fenderson v. West, 12 Vet. App. 119, 126-27 (1999); Hart v. Mansfield, 21 Vet. App. 505 (2007). The Board finds, however, that staged ratings are not warranted here, as the degree of impairment due to the Veteran's hearing loss and tinnitus has not varied significantly during the appeal period. 

The standard of proof to be applied in decisions on claims for Veterans' benefits is set forth in 38 U.S.C.A. § 5107 (West 2002). A claimant is entitled to the benefit of the doubt when there is an approximate balance of positive and negative evidence. See also 38 C.F.R. § 3.102. When a claimant seeks benefits and the evidence is in relative equipoise, the claimant prevails. See Gilbert v. Derwinski, 1 Vet. App. 49 (1990). The preponderance of the evidence must be against the claim for benefits to be denied. See Alemany v. Brown, 9 Vet. App. 518 (1996).

A. Tinnitus

Controlling legal authority indicates that 38 C.F.R. § 4.25(b) and 38 C.F.R. § 4.87, Diagnostic Code 6260 limit a Veteran to assignment of a single schedular disability rating for tinnitus, regardless whether the tinnitus is unilateral or bilateral. Smith v. Nicholson, 451 F.3d 1344, 1349-51 (Fed. Cir. 2006); see also Thomas Jefferson University v. Shalala, 512 U.S. 504, 512 (1994). The Veteran does not appear to have made a specific allegation that separate ratings for tinnitus should be assigned for each ear or that a higher single rating is warranted. Regardless, the plain language of Diagnostic Code 6260, Note (2), limits a Veteran to a single disability rating for tinnitus no higher than10 percent, regardless of whether the tinnitus is unilateral or bilateral. Consequently, the Veteran's tinnitus has already been assigned the maximum schedular rating available and there is no legal basis upon which to award a rating in excess of 10 percent. 38 C.F.R. §4.87, Diagnostic Code 6260. Accordingly, the Veteran's claim for a rating in excess of 10 percent for tinnitus on a schedular basis must be denied as a matter of law. See Sabonis v. Brown, 6 Vet. App. 426, 430 (1994).


B. Bilateral hearing loss

In evaluating hearing loss, Table VI is generally used to determine a Roman numeral designation (I through XI) for hearing impairment of each ear, based on testing (by a state-licensed audiologist), including puretone thresholds and speech discrimination (Maryland CNC test). See 38 C.F.R. § 4.85. Where there is an exceptional pattern of hearing impairment (as defined in 38 C.F.R. § 4.86), the Roman numeral designation may be derived based solely on puretone threshold testing through use of Table VIA. Following the determination of the Roman numeral designations, Table VII is used to determine the rating for hearing loss by combining the Roman numeral values assigned for each ear. Ratings for hearing impairment are derived by a mechanical application of the Rating Schedule to the numeric designations assigned after audiometric evaluations are rendered. Lendenmann v. Principi, 3 Vet. App. 345 (1992). 

At the November 25, 2014 VA audiological evaluation, audiometry revealed that puretone thresholds (in decibels) were: 




HERTZ



1000
2000
3000
4000
RIGHT
 30
35
60
75
LEFT
25
35
55
60

The average puretone thresholds were 50 decibels, right ear, and 44 decibels, left ear. Speech audiometry revealed that speech recognition was 90 percent in the right ear and 96 percent in the left ear. The diagnosis was bilateral sensorineural hearing loss. The examiner noted that the Veteran's hearing loss impacted his ability to work and his ordinary conditions of daily life in that he reported a difficult time understanding what was said to him in noisy situations and needed to use his hearing aids all the time. 

An exceptional pattern of hearing has not been shown at any time during the appeal period. 38 C.F.R. § 4.86. Applying the criteria from Table VI to the November 2014 VA examination findings, the Veteran has Level II hearing in the right ear and Level I hearing in the left ear. 38 C.F.R. § 4.85. Applying the criteria from Table VII to these hearing levels results in assignment of a noncompensable rating. Id. The Board has also considered earlier hearing testing of record, including from a November 2013 VA audiological consultation, a January 2012 VA examination and an April 2011 private audiological evaluation. However, none of this testing shows hearing loss that is more severe than that shown during the November 2014 VA examination. Accordingly, there is no basis for assigning a compensable schedular rating for bilateral hearing loss at any time during the appeal period. 

C. Extraschedular consideration

The evaluation of the Veteran's hearing loss and tinnitus disabilities does not warrant referral for extraschedular consideration. See 38 C.F.R. § 3.321(b) (2012); Thun v. Peake, 22 Vet. App. 111, 114 (2008). Because the ratings provided under the VA Schedule for Rating Disabilities are averages, an assigned rating may not completely account for each individual veteran's circumstances. Nevertheless, such ratings are generally still adequate if they address the average impairment in earning capacity caused by the disability. Thun, 22 Vet. App. at 114. However, in exceptional situations, it may be appropriate to refer the case for extraschedular consideration. Id. The governing norm in these exceptional cases is a finding that the disability at issue presents such an exceptional or unusual disability picture with such related factors as marked interference with employment or frequent periods of hospitalization as to render impractical the application of the regular schedular standards. 38 C.F.R. § 3.321(b)(1). 

Here, the evidence shows that the Veteran described having difficulty hearing and understanding speech in noisy situations, when background noise is present and in group conversations. He also has ringing in his hears that causes him to become distracted, irritable, and interferes with his sleep. These symptoms and functional impairment are contemplated by 38 C.F.R. § 4.85, Codes 6100 and 6260. Although these criteria are not cast in terms of symptoms or functional impairment but rather are based on the numeric results of objective audiological testing and recurrent ringing in the ears, they are necessarily designed with a view toward compensating functional impairment. See 64 Fed. Reg. 25209 (May 11, 1999). In this regard, all schedular criteria are meant to take into account the average impairment in earning capacity resulting from service-connected disabilities. See 38 C.F.R. § 4.1. Moreover, as stated in 38 C.F.R. § 4.21 (2014), "[c]oordination of rating with impairment of function will . . . be expected in all instances." Thus, although a particular diagnostic code may provide for evaluations of a disability in terms of objective clinical data rather than in terms of symptoms or functional impairment-as is the case with hearing loss disabilities-the purpose of assigning a rating is necessarily to provide compensation for the symptoms and functional impairment caused by the disability in question, particularly with regard to how it affects earning capacity. The Veteran's difficulty hearing and understanding speech in certain situations, and ringing in his ears, is precisely the type of symptomatology and functional impairment contemplated by the rating criteria for hearing loss and tinnitus. The mere fact that the criteria do not specifically reference such symptoms or functional impairment cannot be a basis in and of itself for extraschedular referral. Once again, as noted in Thun (22 Vet. App. at 114), the rating criteria are averages and need not account for each individual circumstance in order to be adequate for evaluation purposes. Moreover, no VA examiner or treating clinician has indicated that the Veteran's hearing loss disability or tinnitus are otherwise exceptional or unusual. 

In sum, there are no symptoms or functional impairment associated with the Veteran's hearing loss and tinnitus left uncompensated or unaccounted for by the assignment of a schedular rating. See Thun, 22 Vet. App. at 115. Thus, the available schedular evaluations are adequate to rate these disabilities, and the first step of the inquiry under Thun is not satisfied. Id. In the absence of a threshold finding that the Veteran's hearing loss and/or tinnitus presents an exceptional or unusual disability picture, there is no need to consider the second step of the inquiry, namely whether there are "related factors" such as marked interference with employment or frequent periods of hospitalization. See id. at 118-119. Moreover, and in the alternative, such factors have not been alleged or shown. Therefore, the Board will not refer the claims for increase for bilateral hearing loss and tinnitus for extraschedular consideration. Id.


ORDER

An initial rating in excess of 10 percent for tinnitus is denied.

An initial compensable rating for bilateral hearing loss is denied. 



____________________________________________
P. M. DILORENZO
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs